JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Abellard, Greg

**DEFENDANTS**
Pillar Hotels and Resorts, LLC.
Residence Inn Deptford
John Does 1-10

**(b)** County of Residence of First Listed Plaintiff   Philadelphia County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Dallas County, TX
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Hopkins and Schafkopf - 11 Bala Ave, Bala Cynwyd, PA 19004
610-664-5200 ext 104 - Gary Schafkopf

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
5 USC 1201

Brief description of cause:
Wrongful Termination, Violation of Federal Whistleblower Protection

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 75,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 12-16-16

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

| | |
|---|---|
| WEISBERG LAW<br>Matthew B. Weisberg, Attorney ID No. 85570<br>7 South Morton Ave.<br>Morton, PA<br>610-690-0801<br>Fax: 610-690-0880<br>**Attorney for Plaintiff** | Hopkins & Schafkopf, LLC<br>Gary Schafkopf, Attorney ID No. 83362<br>11 Bala Ave<br>Bala Cynwyd, PA 19004<br>610-664-5200 Ext 104<br>Fax: 888-238-1334<br>**Attorney for Plaintiff** |

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GREG ABELLARD**<br>419 Tyson Ave. Philadelphia, PA 19111<br><br>**Plaintiff,**<br>v.<br><br>**PILLAR HOTELS AND RESORTS, LLC. D/B/A RESIDENCE INN DEPTFORD**<br>1999 Bryan St.<br>Ste. 900<br>Dallas, TX 75201-3136<br><br>and<br><br>**RESIDENCE INN DEPTFORD**<br>1154 Hurfville Road<br>Deptford Township, NJ 08096<br><br>and<br><br>**JOHN DOES 1-10**<br><br>**Defendants.** | No.<br><br>**JURY TRIAL DEMANDED**<br><br><br><br><br><br><br>**CIVIL ACTION COMPLAINT** |

## CIVIL ACTION

### PARTIES

1. Plaintiff Greg Abellard is an individual residing at 419 Tyson Avenue in Philadelphia, Pennsylvania 19111. Plaintiff is a citizen of Pennsylvania.

2. Defendant Pillar Hotels and Resorts, LLC is a business corporation engaged in hospitality and hotel management, which owns and operates Defendant, Residence

Inn Deptford. Their place of incorporation is Texas, where their headquarters is located at 5851 Legacy Circle, Suite 400 in Plano, Texas 75024. Defendants are citizens of Texas.

3. Defendant Residence Inn Deptford, is a tradename used by Defendant Pillar Hotels, and is operated as a business under New Jersey Law. It is part of Defendant Pillar Hotels and Resorts, LLC is a business corporation engaged in hospitality and hotel management, which owns and operates Defendant, Residence Inn Deptford. Their place of incorporation is Texas, where their headquarters is located at 5851 Legacy Circle, Suite 400 in Plano, Texas 75024. Defendants are citizens of Texas.

4. Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred there from. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below, Upon information and belief, Defendants, John Does, were agents, servants, workmen, or employees of Co-Defendants, liable to Plaintiffs hereunder.

## JURISDICTION AND VENUE

5. Venue is proper in the in The United States District Court for New Jersey because this is where the transactions and occurrences that give rise to the cause of action have taken place.

6. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00, and jurisdiction of this Honorable Court is based on diversity of citizenship. 28 U.S.C. § 1332.

## FACTS

7. On or about September 14, 2015, Defendant Pillar Hotels and Resorts hired Plaintiff Greg Abellard as an Assistant General Manager to work at Residence Inn Deptford, in Deptford, NJ.

8. Plaintiff was hired at a salary of $46,000 with an option of a 25% bonus based on upon performance. Plaintiff worked 50 hours a week.

9. Plaintiff was trained both by Defendant, his superior, Defendant, John Doe, Angela Durant, General Manager of Residence Inn, and his Area Manager, Defendant, John Doe, Katie Myers and Defendants, John Does.

10. Plaintiff was given access to, and responsible for accounting for daily cash transactions, and was responsible for auditing the petty cash transactions for Residence Inn.

11. Shortly after he began, Plaintiff began to notice discrepancies in the cash transactions. He approached Durant, and learned that she had used the petty cash to purchase personal belongings and groceries. She asked him, and a colleague, Defendant John Doe to try and make up the difference in the petty cash from the on-site laundry.

12. There were several days were Durant was unable to submit daily cash deposits, because of the missing petty cash.

13. Plaintiff spoke with Durant on several occasions regarding the missing petty cash, and at times Durant appeared very shaken about the accusations. In order to try to cover up the missing petty cash, she attempted to submit older receipts in an attempt at reimbursement from corporate to cover the losses. These receipts went back to March 2015, before Abellard was hired. Many of these receipts were for personal

belongings purchased by Durant, who attempted to claim them as purchases for the hotel.

14. In October 2015, Plaintiff noticed that $1,600 was absent from the petty cash drawer.

15. When Plaintiff reported this to the General Manager, Angela Durant, of Defendant Pillar Hotels. Durant told Plaintiff to alter cash audit logs in order to make it appear that the money was not missing.

16. Fearful of losing his new job, Plaintiff Abellard complied with the order.

17. This reference was incorporated on the monthly cash audit log for the month of September.

18. In the following month of October 2015, Plaintiff, concerned with the cash discrepancy, purposefully removed himself from all cash transactions within the hotel.

19. However, his job continued to require Plaintiff to submit Cash Audits. Plaintiff filed the cash audits at the direction of his superior Durant, but all of the figures in the report were created by Durant to make it appear there was no petty cash missing.

20. In February 2016, the Residence Inn Deptford has its cash logs audited by Defendant's accounting department. The missing $1,600 from September was discovered.

21. An investigation was then commenced by the Regional Manager of Operations, Defendant John Doe, Stacie MacDonald, and Defendants John Does. Plaintiff Abellard reported that Angela Durant took the money, and then asked him to cover it up in the cash audit for the month of September.

22. Human Resources for Defendant Pillar Hotels conducted their own investigation into the matter, and after two (2) weeks, Plaintiff Abellard was deemed not responsible for the missing money.

23. During a phone conversation with Stacie MacDonald, and Defendants John Does, Plaintiff Abellard was informed that he would most likely be provided with a written warning for his compliance in auditing the logs against the policy of Defendant Pillar Hotels. Plaintiff attempted to discuss the matter with MacDonald via e-mail, but MacDonald insisted on only conducting these conversations via phone.

24. Even though Plaintiff Abellard was initially found to be not responsible for the loss of the money, instead of a written warning, Defendant Pillar Hotels terminated Plaintiff. Angela Durant, General Manager, who ordered the logs to be audited, was given a final written warning in the matter.

25. Following his termination, Plaintiff applied for, and received unemployment benefits, as the case worker on his case could find that Defendant Pillar Hotels could not prove that he had done anything wrong.

26. In August of 2016, Plaintiff applied for a General Manager position at the Fairfield Inn, in Mount Laurel, New Jersey. Plaintiff sought this position based upon a recommendation from a previous supervisor from New York. A full offer, with a start date was made, and two days prior to the Plaintiff's start date, the offer rescinded. Plaintiff learned that the Regional Manager had spoken with Durant, who had strongly discouraged the hiring of the Plaintiff.

### COUNT I - WRONGFUL TERMINATION

27. The foregoing paragraphs are fully incorporated herein as though set forth at length.

28. Defendant breached their contract with Plaintiff by the following acts and omissions:

   a. Terminated the employment of Plaintiff without just cause;

   b. Terminated the employment based on false facts and missing relevant information;

   c. Failed to adequately investigate the facts and circumstances prior to terminating the employment of Plaintiff;

   d. Failed to allow Plaintiff to adequately address the false facts and allegations, which were the alleged basis for the termination of Plaintiff's employment;

   e. Terminated the employment of Plaintiff.

29. Plaintiff's direct superiors, engaged in tactics that presented him as the party at fault when others identified as such were protected and thus, caused him to be terminated without justification.

30. Plaintiff has further suffered and will continue to suffer a loss of earnings, and other employment benefits, whereby Plaintiff is entitled to general compensatory damages.

## COUNT II – VIOLATION OF FEDERAL AND STATE WHISTLEBLOWER PROTECTION

31. The foregoing paragraphs are fully incorporated herein as though set forth at length.

32. Plaintiff was terminated from his position of employment for informing his supervisor of violations and theft by his General Manager.

33. Plaintiff has further suffered and will continue to suffer a loss of earnings, and other employment benefits, whereby Plaintiff is entitled to general compensatory damages.

## COUNT III – RETALIATION FOR WHISTLEBLOWING

34. The foregoing paragraphs are fully incorporated herein as though set forth at length.

35. Plaintiff was retaliated against due to the information he had uncovered about the actions of his immediate superior.

36. Defendant, through the actions of direct superiors terminated the Plaintiff for fear of the Plaintiff reporting violations.

37. Plaintiff was wrongfully terminated for reporting the violations.

38. Plaintiff has further suffered and will continue to suffer a loss of earnings, and other employment benefits, whereby Plaintiff is entitled to general compensatory damages.

## COUNT IV - DEFAMATION

39. Plaintiff incorporates the preceding paragraphs above as though set forth at length herein.

40. As a result of Defendants self-serving, dissatisfaction with Plaintiff and his attempt to alert his superiors to corruption within their business, Defendants have provided a negative review of Plaintiff's work to other potential employers.

41. The aforesaid conduct of the Defendants have exposed Plaintiff to ridicule, embarrassment, contempt, and loss of esteem among a substantial, respectable group including, but not limited to, Plaintiff's existing and prospective future employers, and Plaintiff's co-workers, friends, neighbors, community and other third party relationships.

42. The aforesaid conduct of Defendants is slander per se and/or libel on its face.

43. As a direct and proximate result of the foregoing wrongful conduct of the Defendants, Plaintiff has suffered and continues to suffer damages including damage to his existing and prospective business relationships, and damage to his reputation and regard in the community at large.

44. The aforesaid wrongful conduct of Defendants was neither privileged nor otherwise defensible in any manner whatsoever.

45. As a result of the aforesaid vindictive, wrongful conduct of the Defendants, which conduct was wanton, malicious, willful, knowing and/or committed in reckless disregard for the truth, Plaintiff is entitled to recover punitive damages against the Defendants as a punishment for such outrageous conduct.

46. Despite demand therefor, Defendants failed and refused to retract any of the defamatory statements they made and/or other defamatory conduct in which they engaged.

**WHEREFORE**, Plaintiffs respectfully request this Honorable Court to enter a judgment in their favor and against Defendant in an amount in excess of $75,000.00, plus statutory and punitive damages, along with whatever relief that this Court deems appropriate and proper, including equitable relief, and attorney's fees and costs.

Respectfully Submitted,

WEISBERG LAW

BY: /s/Matthew Weisberg
MATTHEW B. WEISBERG, ESQ
DATED: 12-16-16

HOPKINS & SCHHAFKOPF, LLC

BY: _____
GARY SCHAFKOPF, ESQ.
DATED: 12-16-16